BOYER, Chief Judge,
dissenting.
I respectfully dissent. It is axiomatic that the findings of a jury are clothed with a presumption of correctness. That presumption is strengthened when a trial judge reviews the evidence and denies a motion for a directed verdict and again denies a motion for a new trial.
The complaint filed by appellant is for damages based upon an alleged lease agreement between the appellant and appellees. By their answer the defendants specifically denied the existence of any lease between themselves and appellant. They also raised as an affirmative defense, mitigations of damages.
The instruments relied upon by appellant are classic examples of calculated fraud, framed and phrased to mislead. At the top appears the words “This is a Non-Cancela-ble Lease”. Beneath that caption is typed “Lion Motel” as lessee and “H & R Service”, which any reasonable person would anticipate and expect to be the lessor. Two-thirds way down the page appears the words “Lessor is XYOquip Inc. or XYOmed Inc.” Another document bearing at the top the same legend “This is a Non-Cancelable Lease” turns out to be, not a lease but a guaranty. Again, the names which are typed on the document are Lion Motel and H & R Service. A reading of the transcript of the testimony adduced at the trial reveals that there was testimony on behalf of appellees wherein they flatly denied that they had any contract, lease or otherwise, with XYO Quip, Inc. That evidence was admitted without objection. Appellees insisted that they dealt only with H & R Service and XYO Quip repeatedly and categorically denied any agency relationship between XYO Quip and H & R. The evidence revealed that XYO Quip or XYOmed, or both, sent large quantities of their lease documents to H & R Service for the latter’s use in solicitation.
The “lease” is so ambiguous as to who in fact the lessor is that its mere introduction certainly is not self-proving. The “guaranty” is no better. The verbal evidence is little more convincing. The jury might well have determined, as was its prerogative, that the plaintiff in the trial court, XYO Quip, Inc., was not proved to be the lessor. In such an instance it certainly would not be entitled to damages.
At no place does the record clearly reveal the extent of appellant’s claimed damages, which was its burden and responsibility at trial. On the other hand there is evidence, adduced by appellees, from whence the jury could have reasonably found that appellant had an opportunity to mitigate damages and failed to do so.
The jury obviously found that appellant, who was plaintiff in the trial court, failed to carry its burden of proof and the learned trial judge agreed. It is not the prerogative of this Court to substitute its judgment for either.
The jury has spoken. I would affirm.